UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-61738-WPD

SECURITIES AND EXCHANGE COMMISSION,  )
)
**Plaintiff,**  )
)
v.  )
)
HENRY J. WIENIEWITZ, III, and  )
WIENIEWITZ FINANCIAL, LLC,  )
)
**Defendants.**  )
)
_____  )

# FINAL JUDGMENT AS TO DEFENDANT HENRY J. WIENIEWITZ, III

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for Entry of a Final Judgment against Defendants Henry J. Wieniewitz, III and Wieniewitz Financial, LLC ("Motion"). By the Consent attached hereto, and without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which are admitted, and except as provided in Section IV herein), Henry J. Wieniewitz, III ("Wieniewitz") has: entered a general appearance; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion is **GRANTED**. The Court further orders as follows:

## I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that Wieniewitz is liable to the Commission for disgorgement of $3,519,000, representing profits gained as a result of the conduct alleged in the

Amended Complaint, together with prejudgment interest on disgorgement in the amount of $214,102, and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), for a total of $3,883,102, all jointly and severally with Defendant Wieniewitz Financial, LLC.

Wieniewitz shall satisfy the disgorgement, prejudgment interest, and civil penalty obligation by paying it to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Wieniewitz may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wieniewitz may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying: the case title, civil action number, and name of this Court; Wieniewitz as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Wieniewitz shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, FL 33131. By making this payment, Wieniewitz relinquishes all legal and equitable right, title,

and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Wieniewitz shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Wieniewitz shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Wieniewitz's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Wieniewitz shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States

Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Wieniewitz by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Wieniewitz shall comply with all of the undertakings and agreements set forth therein.

## IV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Wieniewitz, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Wieniewitz under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Wieniewitz of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**V.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VI.**

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 14th day of August, 2019.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record